**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| LDR PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| STREAMLINED SELF STORAGE, LLC, | ) |
| | ) |
| Defendant, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff LDR Property Holdings, LLC ("Plaintiff") for its Complaint herein against Defendant Streamlined Self Storage, LLC ("Streamlined"), alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for trademark infringement of United States Trademark Registration No. 6,782,914, Application Nos. 99/335,838, 99/335,848 and 99/335,843.

2. This is also an action for (1) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair competition; and (3) unfair competition and common law trademark infringement under Iowa state law, all in connection with Streamlined's advertisement and sale of self-storage services (the "Accused Services") under a confusingly similar version of Plaintiff's SIGNATURE SELF STORAGE trademark and design ().

1

3.     Plaintiff seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies for Streamlined's unlawful conduct.

## II.     THE PARTIES

4.     Plaintiff is a Delaware limited liability company having a principal place of business at 8585 East Hartford Drive, Ste. 400, Scottsdale, Arizona, 85255.

5.     Streamlined is an Iowa limited liability company with its principal place of business at 213 Cherry Lane, Tiffin, Iowa 52340.

## III.     JURISDICTION AND VENUE

6.     This action arises and is brought under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq.

7.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) and supplemental jurisdiction over the state law claims asserted pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over Streamlined because Streamlined is an Iowa company and conducts business in the State of Iowa and within this district, is committing one or more of the acts complained of within this judicial district by targeting, advertising, selling, and/or offering for sale its services in connection with a confusingly similar version of Plaintiff's SIGNATURE SELF STORAGE trademark and design.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Streamlined conducts business in the State of Iowa and within this district. Further, a substantial part of the events or omissions giving rise to the claims occurred in this district. Streamlined's sale and offer for sale of the Accused Services under the infringing trademark has occurred in this district. Moreover, the damage to Plaintiff has occurred and continues to occur in this judicial district.

## IV. PLAINTIFF'S BACKGROUND AND TRADEMARKS

10. Since at least December 7, 2021, Plaintiff has been providing self-storage services to consumers under the mark SIGNATURE SELF STORAGE and its distinctive S-cube design (  ) (the "S-cube Mark").

11. Plaintiff is the registrant and applicant for the following United States trademark registrations and pending applications for "providing self-storage facilities for others" in IC039 (collectively, "Plaintiff's Marks"):

| Reg. No./App. No. | Mark |
| --- | --- |
| Reg. No. 6,782,914 | SIGNATURE SELF STORAGE |
| App. No. 99/335,838 | [S-cube design logo] |
| App. No. 99/335,848 | [S-cube design with SIGNATURE SELF STORAGE in blue] |
| App. No. 99/335,843 | [S-cube design with SIGNATURE SELF STORAGE in black] |

12. Plaintiff has continuously used its Marks, include the S-cube Mark," without interruption since at least as early as December 7, 2021 in connection with its self storage services

13. Plaintiff's Marks, and specifically the S-cube Mark, are distinctive and serve to distinguish the source or origin of Plaintiff's services.

## V.     ACTIONS GIVING RISE TO TRADEMARK INFRINGEMENT

14. In August 2025, Plaintiff was made aware of Streamline's use of a nearly identical design to the S-cube Mark in connection with self-storage facilities in Iowa.

15. The storage facility locations publicly advertised by Streamlined operate in the same areas of the state of Iowa.

16. A number of Streamlined's storage facility locations are located within 5 miles of one of Plaintiff's storage facilities branded with and using Plaintiff's Marks:



17. Within the self-storage industry, it is well-known and accepted that self-storage businesses typically draw customers from a 5-mile radius.

18. Upon information and belief, Streamlined selected locations for some of its storage facilities in connection with the offending conduct listed herein to specifically to interfere Plaintiff's customer draw area and to confuse and retain Plaintiff's customers.

19. Upon information and belief, Streamlined began using the infringing S-cube Mark () on its website, [https://www.streamlinedstorage.com/](https://www.streamlinedstorage.com/), on or about July 23, 2023. Streamlined also uses a bright blue color on its infringing S-cube Mark and throughout its website and advertising, which is similar to the blue that Plaintiff has used on its S-cube Mark since December 7, 2021.

20. Upon information and belief, Streamlined selected the nearly identical S-cube Mark to capitalize on the goodwill and consumer recognition Plaintiff has built in its Marks.

21. Upon information and belief, Streamlined is engaged in the marketing, promotion, and sale of services identical to those of Plaintiff.

22. Upon information and belief, Streamlined uses a nearly identical S-cube Mark to advertise and sell identical services to Plaintiff in Iowa.

23. Streamlined's use of the infringing S-cube Mark is confusingly similar to that of Plaintiff's S-cube Mark as the two marks are indistinguishable.

24. Streamlined has blatantly copied Plaintiff's S-cube Mark to advertise and sell services to confuse consumers as to the source of the Accused Services and to cause consumers to believe that Streamlined is associated with Plaintiff.

25. Streamlined has not requested nor received permission to use the S-cube Mark or any of Plaintiff's Marks.

26. Upon information and belief, Streamlined unlawfully and willfully engaged in the foregoing acts with the intent that its use of Plaintiff's Marks, including the S-cube Mark, cause confusion, mistake, or deception among members of the public, including customers and vendors in the field of self-storage services.

27. Streamlined, by engaging in the foregoing acts, is jeopardizing the goodwill and value associated with Plaintiff's Marks, and is depriving Plaintiff of the right to control the quality of its services provided under a designation that is identical and confusingly similar to the Plaintiff Marks, specifically the S-cube design.

28. Streamlined, by engaging in the foregoing acts, is causing confusion, deception, and mistake among and by the purchasing public, and is creating a likelihood of confusion continuing in the future.

29. Upon information and belief, by engaging in the foregoing acts, Streamlined has traded on and profited from the goodwill and reputation established by Plaintiff in the S-cube design and Plaintiff's Marks.

30. Streamlined's unlawful conduct is impacting and will continue to impact the goodwill and reputation enjoyed by Plaintiff under its Marks unless Streamlined is enjoined from using the unlawful designation and any other marks confusingly similar to Plaintiff's Marks.

31. The confusing similarity between the unlawful designation and Plaintiff's Marks is likely to cause confusion with regard to the source of Streamlined's services.

## COUNT I – TRADEMARK INFRINGEMENT
### Federal Trademark Infringement

32. Plaintiff re-alleges and incorporates every allegation in the paragraphs above as if they were fully set forth above.

33.     Streamline's unauthorized use in commerce of Plaintiff's Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Streamlined's services, and is likely to cause consumers to believe, contrary to fact, that Streamlined's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Streamlined is in some way affiliated with or sponsored by Plaintiff. Streamlined's conduct therefore constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(A).

34.     Upon information and belief, Streamlined has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

35.     Streamlined's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.

36.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Streamlined's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. 1125 §(a)(1)(A)

37.     Plaintiff re-alleges and incorporates every allegation in the paragraphs above as if they were fully set forth above.

38.     Plaintiff has used and is using its S-cube Mark to identify its services and to distinguish them from the services of others.

39. Streamlined's use of Plaintiff's S-cube Mark for its own services constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of Streamlined's services, or commercial activities; or (b) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of Streamlined's services or commercial activities.

40. Further, Streamlined's offer for sale of competing storage services without sufficient cues to the consumer of the true nature of the services provided constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of Streamlined's services, or commercial activities; or (b) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of Streamlined's services or commercial activities.

41. Streamlined's use of the marks confusingly similar to Plaintiff' Marks in connection with the Accused Services was without the consent or authorization of Plaintiff.

42. Streamlined's wrongful promotion of its services using Plaintiff's Marks was committed, upon information and belief, with knowledge that Streamlined was misrepresenting the nature, characteristics, qualities and/or geographic origin of services, by way of providing consumers with literally false information about the use of Plaintiff's Marks; services in Streamlined's self storage facilities, or by way of providing information that was misleading in context.

43. As a result of Streamlined's conduct, Plaintiff has been damaged and is entitled to recovery for the injuries sustained, including but not limited to, Streamlined's profits from the sale of services under Plaintiff's Marks, actual damages, statutory damages, treble damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

44. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## COUNT III – UNFAIR COMPETITION

45. Plaintiff re-alleges and incorporates every allegation in the paragraphs above as if they were fully set forth above.

46. Streamlined has engaged in unfair competition. These acts have included, but are not limited to, the following particulars:

   a. Unauthorized use of Plaintiff's Marks, including the S-cube Mark, in connection with the offering of services at Streamlined's place of business;

   b. Misrepresenting self storage services under Plaintiff's Marks, including the S-cube Mark, as those of Plaintiff;

   c. Offering for sale services under Plaintiff's Marks, including the S-cube Mark, without sufficient cues that the services are not provided by Plaintiff; and

   d. Reaping the benefits of customer association of Streamlined with Plaintiff's Marks, including the S-cube Mark.

47. Upon information and belief, this unfair competition was engaged in by Streamlined intentionally and willfully.

48. As a result of Streamlined's conduct, Plaintiff has been damaged and is entitled to recovery for the injuries sustained, including but not limited to, Streamlined's profits from the sale

of infringing goods, actual damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

49. Plaintiff is entitled to preliminary and permanent injunctive relief.

### COUNT IV – VIOLATIONS OF THE IOWA CONSUMER FRAUD ACT
### Iowa Code § 714.16, *et seq.*

50. Plaintiff re-alleges and incorporates every allegation in the paragraphs above as if they were fully set forth above.

51. Streamlined's conduct, as alleged above, is an unfair practice, act of deception, act of fraud, a false pretense and misrepresentation in connection with the sale of its self storage services, which has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation or connection of Plaintiff's and Streamlined's businesses.

52. Streamlined's unauthorized use of Plaintiff's Marks gives rise to the incorrect belief that Streamlined's business has some connection with Plaintiff.

53. These acts constitute consumer fraud practices in the course of Streamlined's business in violation of Iowa Consumer Fraud Protection Act, Iowa Code § 714.16. *et seq.*

54. These acts have caused, and unless enjoined by this Court will continue to cause, serious and irreparable injury to Plaintiff.

### COUNT V – IOWA COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

55. Plaintiff re-alleges and incorporates every allegation in the paragraphs above as if they were fully set forth above.

56. Streamlined's conduct as alleged above constitutes trademark infringement and unfair competition in violation of the common law of the State of Iowa.

57. Streamlined's trademark infringement and unfair competition as alleged above have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Streamlined's illegal conduct. In addition, Streamlined has been unjustly enriched by reason of its trademark infringement and unfair competition in that Streamlined has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

58. Unless enjoined by this Court, Streamlined's trademark infringement and unfair competition as herein alleged will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill.

59. Streamlined's wrongful conduct as above alleged was accompanied by circumstances of willfulness and deliberate indifference to the rights of Plaintiff, warranting the assessment of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment in its favor and against Streamlined as follows:

A.  finding Streamlined violated 15 U.S.C. § 1125(a) and has infringed Plaintiff's Marks, including the S-cube Mark;

B.  finding Streamlined has engaged in unfair competition;

C.  immediately restraining and permanently enjoining Streamlined and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them from using Plaintiff's Marks in connection with the sale of or offer to sell self-storage services and any related services;

D. granting Plaintiff a judgment for injunctive relief, and all other relief this Court determines appropriate, consistent with Iowa law;

E. ordering that Streamlined must engage in corrective advertising as reasonably required to:

  i. Correct the misinformation in the marketplace that the Accused Services are affiliated with Plaintiff's -branded products; and

  ii. Clarify to consumers that Streamlined is not and has never been affiliated with Plaintiff and that Streamlined was not authorized to use Plaintiff's Marks;

F. declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

G. ordering Streamlined to account for and pay to Plaintiff its actual damages by reason of Streamlined's infringement, unfair competition, and to account for and pay over to Plaintiff all gains, profits, and advantages derived by Streamlined from its infringement, unfair competition, and other unlawful acts, and such other damages as determined proper to the Court;

H. granting Plaintiff a judgment for punitive damages in an amount to be determined;

I. ordering Streamlined to file in court and to serve on Plaintiff's counsel, within thirty days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Streamlined has complied with this injunction;

J. Awarding Plaintiff prejudgment and post-judgment interest;

K. Awarding costs to Plaintiff; and

L. Granting Plaintiff any other relief that may be proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Scott M. Flaherty*
Scott M. Flaherty, IA Bar No. AT0012069
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center 80 South 8th Street
Minneapolis, MN 55402
 (612) 977-8400 - phone
 (612) 977-8650 – fax
Sflaherty@taftlaw.com

Kristine M. Boylan, MN Bar No. 284634, *pro hac vice forthcoming*
Grace E. K. Rouser, MN Bar No. 0402021, *pro hac vice forthcoming*
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center 80 South 8th Street
Minneapolis, MN 55402
 (612) 977-8400 - phone
 (612) 977-8650 – fax
KBoylan@taftlaw.com
Grouser@taftlaw.com

Rachel Smoot, OH Bar No. 92296, *pro hac vice forthcoming*
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
(614) 221-2838 – phone
(614) 221-2007 – fax
rsmoot@taftlaw.com

*Counsel for Plaintiff LDR Property Holdings, LLC*